Filed 5/10/21  P. v. Pierson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074662 |
| v. | (Super.Ct.No. RIF101528) |
| MARIE ELIZABETH PIERSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Affirmed.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

In 2002, a jury convicted Marie Elizabeth Pierson of first degree murder and found true the robbery-murder special circumstance, which authorizes a sentence of life without the possibility of parole for "a major participant" in a felony murder who acted with "reckless indifference to human life." (Pen. Code, § 190.2, subds. (a)(17) & (d), unlabeled statutory citations refer to this code.) In 2019, Pierson filed a petition for resentencing under the then newly enacted Penal Code section 1170.95.

On appeal, Pierson argues the trial judge erred by summarily denying her petition. We disagree and affirm. The robbery-murder special circumstance renders Pierson ineligible for resentencing as a matter of law.

## I.  FACTS

In 2002, Larry Walker was found stabbed to death in this home. Walker's home had been ransacked, and his wallet and car had been stolen. The police tracked the car to an associate of Angelo Will and Pierson. The associate told the police Will gave her the car in exchange for picking up his and Pierson's belongings from a motel. Police interviewed both Pierson and Will, and surreptitiously recorded them talking to each other. Pierson told the police she was at the house when Will killed Walker. At trial Will admitted to killing Walker but denied planning to kill him or rob him prior to doing so. Both Pierson and Will admitted to stealing Walker's belongings and car.[1]

The prosecutor tried Pierson and Will before separate juries. Pierson's jury convicted her of first degree murder (§ 187, subd. (a)) and found true the special

---

[1] We take the facts from our decision in Pierson's direct appeal. (*People v. Pierson* (May 15, 2009, E039621) [nonpub. opn.], 2009 Cal.App.Unpub. Lexis 3853 (*Pierson I*).)

2

circumstance that the murder was committed during a robbery (§ 190.2, subd. (a)(17)(A)). (*Pierson I*, *supra*, E039621, 2009 Cal.App.Unpub. Lexis at *4.) It did not find true the special circumstance that the murder was committed during a burglary (§ 190.2, subd. (a)(17)(G)). (*Pierson I*, at *77.) The court sentenced her to life without the possibility of parole.

On February 25, 2019, Pierson filed a petition for resentencing under section 1170.95. The court appointed counsel for Pierson, the prosecutor filed an opposition to the petition, and Pierson filed a reply in support. On the prosecutor's request, the court stayed the petition pending the decision in *People v. Lamoureux* (2019) 42 Cal.App.5th 241 (*Lamoureux*).

In November 2019, Division One of this court published its decision in *Lamoureux* finding section 1170.95 constitutional. In February 2020, Pierson's petition came before the trial judge again. The prosecution argued that in our appellate decision on direct appeal we "expressly found sufficient evidence supporting the robbery special circumstance," and in doing so "found sufficient evidence that this defendant intended to kill and also found sufficient evidence [they were a] major participant with reckless indifference." Pierson submitted without objection or argument. The trial judge summarily denied Pierson's petition.

Pierson timely appealed the order denying her petition.

## II. ANALYSIS

Pierson argues the trial judge improperly denied her petition for resentencing because she made a sufficient prima facie showing to require the trial court to issue an order to show cause and hold an evidentiary hearing on the petition's merits. The People argue Pierson did not make the proper showing because she is ineligible for relief as a matter of law. We agree with the People.

Senate Bill No. 1437 "which became effective on January 1, 2019, addresses certain aspects of California law regarding felony murder and the natural and probable consequences doctrine by amending Penal Code sections 188 and 189." (*People v. Martinez* (2019) 31 Cal.App.5th 719, 722 (*Martinez*).) Under section 189 as amended, "a participant in enumerated crimes is liable under the felony-murder doctrine only if he or she was the actual killer; or, with the intent to kill, aided and abetted the actual killer in commission of first degree murder; or was a major participant in the underlying felony and acted with reckless indifference to human life." (*People v. Munoz* (2019) 39 Cal.App.5th 738, 749, review granted Nov. 26, 2019, S258234.)

Senate Bill No. 1437 also added "Penal Code section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in law would affect their previously sustained convictions." (*Martinez*, *supra*, 31 Cal.App.5th at p. 722.) Under section 1170.95, subdivision (b), a petitioner initiates the process of seeking resentencing by filing a petition in the sentencing court that is facially sufficient, containing certain basic information and a declaration from the petitioner that

4

they are eligible for relief. (*People v. Cooper* (2020) 54 Cal.App.5th 106, 114, review granted Nov. 10, 2020, S264684.) No party argues Pierson's petition was facially insufficient.

Next, the court determines whether the petitioner has made a prima facie showing that they qualify for resentencing. (§ 1170.95, subd. (c).) When conducting a prima facie review, the judge's "role . . . is simply to decide whether the petitioner is ineligible for relief *as a matter of law*, making all factual inferences in favor of the petitioner." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 329, italics added, review granted Mar. 18, 2020, S260493.) Because the trial judge's review is purely legal, we review his decision de novo. (See *People v. Drayton* (2020) 47 Cal.App.5th 965, 981.)

Though our appellate courts are split on the issue,[2] our court has recently held that "[a] defendant with a special circumstance finding under section 190.2, subdivision (d) is not eligible for relief under section 1170.95 as a matter of law," because "a jury found them to have been a major participant in the underlying felony who acted with reckless indifference to human life." (*People v. Jones* (2020) 56 Cal.App.5th 474, 482 (*Jones*), review granted Jan. 27, 2021, S265854.) In *Jones* the defendant, like Pierson, was convicted of murder with a robbery-murder special circumstance. The defendant argued

---

[2] Compare *People v. Gomez* (2020) 52 Cal.App.5th 1, review granted October 14, 2020, S264033, *People v. Galvan* (2020) 52 Cal.App.5th 1134, review granted October 14, 2020, S264284, and *People v. Allison* (2020) 55 Cal.App.5th 449, each concluding the special circumstance finding renders a petitioner ineligible for relief as a matter of law, with *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011, *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835, and *People v. York* (2020) 54 Cal.App.5th 250, review granted November 18, 2020, S264954,which reach the opposite conclusion.

that our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 redefined the terms " 'major participant' " and " 'reckless indifference to human life,' " and therefore his jury considered those terms under definitions which no longer apply and would not support a felony-murder conviction under the law as it exists now. (*Jones*, at pp. 478-480.) We rejected this argument, explaining that "*Banks* and *Clark* did not create a new rule of law, but rather 'clarified' the already-existing meaning of the phrases 'major participant' and 'reckless indifference to human life' for purposes of special circumstance allegations." (*Id.* at p. 482.) Therefore "[a] petitioner with a pre-*Banks*/*Clark* finding faces the same bar to relief under section 1170.95 as a petitioner with a post-*Banks*/*Clark* finding." (*Ibid.*) Our decision in that case is equally applicable here, and we see no reason to depart from our holding.

Accordingly, the trial judge's summary denial was appropriate given the jury's true finding on the robbery-murder special circumstance.

### III. DISPOSITION

We affirm.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH _____
                                                                J.
We concur:

RAMIREZ _____
                    P. J.

MILLER _____
                J.

6